

**U.S. Department of Justice**

Civil Rights Division

ESD:KDW:KLF
DJ 170-23-0

*Employment Litigation Section - PHB*
*950 Pennsylvania Avenue, NW*
*Washington, DC 20530*
*www.usdoj.gov/crt/emp*

NOTICE OF RIGHT TO SUE WITHIN 90 DAYS

CERTIFIED MAIL 7010 0290 0000 2014 5535
RETURN RECEIPT REQUESTED

Mr. Glenn Williams, individually & on behalf of all
    those similarly situated
c/o Allison K. Muth
Law Offices of Holstein & Muth
128 N. Garland Court
Chicago, IL 60602

        Re:    Glenn Williams, individually & on behalf of all those similarly situated
                 v. City of Chicago, et al., EEOC Charge No. 440-2019-04967

Dear Mr. Williams, et al.:

    Because you filed the above charge with the Equal Employment Opportunity Commission (EEOC), and the Commission has determined that it will not be able to investigate and conciliate that charge within 180 days of the date the Commission assumed jurisdiction over the charge and the Department of Justice has determined that it will not file any lawsuit(s) based thereon within that time, and because you have specifically requested this Notice, you are hereby notified that you have the right to institute a civil action against the above-named respondent(s) under: Title II of the Genetic Information Nondiscrimination Act of 2008, 42 U.S.C. 2000ff, et seq. and, Title V, Section 503 of the Americans with Disabilities Act of 1990, 42 U.S.C. 12203. This Notice should not be taken to mean that the Department of Justice has made a judgment as to whether or not your case is meritorious.

    If you choose to commence a civil action, such suit must be filed in the appropriate Court within 90 days of your receipt of this Notice.

    The investigative files pertaining to your case are located in the EEOC's Chicago District Office. If you or your attorney have any questions concerning this matter or wish to inspect the investigative files, please feel free to address your inquiry to: Julianne Bowman, Director, EEOC, JCK Federal Building, 230 S. Dearborn St., Ste. 1866, Chicago, IL 60604.

                                      Sincerely,

                                      Eric S. Dreiband
                                      Assistant Attorney General
                                      Civil Rights Division

                        By:   *[signature: Karen L. Ferguson]*

                                        Karen L. Ferguson
                                      Supervisory Civil Rights Analyst
                                      Employment Litigation Section

cc:    Glenn Williams, individually & on behalf of all those similarly situated
        City of Chicago, et al.

**NOTICE OF RIGHTS UNDER THE ADA AMENDMENTS ACT OF 2008 (ADAAA):** The ADA was amended, effective January 1, 2009, to broaden the definitions of disability to make it easier for individuals to be covered under the ADA/ADAAA. A disability is still defined as (1) a physical or mental impairment that substantially limits one or more major life activities (actual disability); (2) a record of a substantially limiting impairment; or (3) being regarded as having a disability. *However, these terms are redefined, and it is easier to be covered under the new law.*

<u>If you plan to retain an attorney to assist you with your ADA claim, we recommend that you share this information with your attorney and suggest that he or she consult the amended regulations and appendix, and other ADA related publications, available at http://www.eeoc.gov/laws/types/disability_regulations.cfm.</u>

"Actual" disability or a "record of" a disability (note: if you are pursuing a failure to accommodate claim you must meet the standards for either "actual" or "record of" a disability):

- **The limitations from the impairment no longer have to be severe or significant** for the impairment to be considered substantially limiting.
- In addition to activities such as performing manual tasks, walking, seeing, hearing, speaking, breathing, learning, thinking, concentrating, reading, bending, and communicating (more examples at 29 C.F.R. § 1630.2(i)), **"major life activities" now include the operation of major bodily functions**, such as: functions of the immune system, special sense organs and skin; normal cell growth; and digestive, genitourinary, bowel, bladder, neurological, brain, respiratory, circulatory, cardiovascular, endocrine, hemic, lymphatic, musculoskeletal, and reproductive functions; or the operation of an individual organ within a body system.
- **Only one** major life activity need be substantially limited.
- With the exception of ordinary eyeglasses or contact lenses, **the beneficial effects of "mitigating measures"** (e.g., hearing aid, prosthesis, medication, therapy, behavioral modifications) **are not considered** in determining if the impairment substantially limits a major life activity.
- An impairment that is **"episodic"** (e.g., epilepsy, depression, multiple sclerosis) or **"in remission"** (e.g., cancer) is a disability if it **would be substantially limiting when active**.
- An impairment **may be substantially limiting even though** it lasts or is expected to last **fewer than six months**.

"Regarded as" coverage:

- An individual can meet the definition of disability if an **employment action was taken because of an actual or perceived impairment** (e.g., refusal to hire, demotion, placement on involuntary leave, termination, exclusion for failure to meet a qualification standard, harassment, or denial of any other term, condition, or privilege of employment).
- "Regarded as" coverage under the ADAAA no longer requires that an impairment be substantially limiting, or that the employer perceives the impairment to be substantially limiting.
- The employer has a defense against a "regarded as" claim only when the impairment at issue is objectively *BOTH* transitory (lasting or expected to last six months or less) *AND* minor.
- A person is not able to bring a failure to accommodate claim *if* the individual is covered only under the "regarded as" definition of "disability."

*Note: Although the amended ADA states that the definition of disability "shall be construed broadly" and "should not demand extensive analysis," some courts require specificity in the complaint explaining how an impairment substantially limits a major life activity or what facts indicate the challenged employment action was because of the impairment. Beyond the initial pleading stage, some courts will require specific evidence to establish disability.* For more information, consult the amended regulations and appendix, as well as explanatory publications, available at http://www.eeoc.gov/laws/types/disability_regulations.cfm.