UNITED STATES DISTRICT COURT
FOR THE Northern District of Illinois – CM/ECF NextGen 1.7.1.1
Eastern Division

Brogwley Russell, et al.

Plaintiff,

v.  Case No.: 1:20−cv−00420
Honorable LaShonda A. Hunt

City of Chicago, et al.

Defendant.

**NOTIFICATION OF DOCKET ENTRY**

This docket entry was made by the Clerk on Tuesday, April 23, 2024:

MINUTE entry before the Honorable Heather K. McShain: The Court has reviewed the parties' joint status report [262], which reports that plaintiffs canceled the four depositions that were scheduled for 04/12/2024, the last day of the fact discovery period, on short notice, but the parties agreed to reschedule these depositions and two of the depositions (Jimmy Burris and Michelle Russell) proceeded on 04/17/2024 and two (Sharron Burris and Brogwley Russell) did not. The City requests that the Court bar the testimony of Sharron Burris and Brogwley Russell, and plaintiffs oppose this request. The parties further report that, very late on 04/12/2024, plaintiffs issued four Rule 30(b)(6) notices to the City. Plaintiffs again seek an extension of the oral discovery cutoff so that they can complete these depositions, and they "kindly remind the Court that the delay in conducting depositions was a result of the injury [one of their attorneys], which delayed the time in which he could be present for both preparation and attendance of oral discovery." [262] 2−3. The City opposes this request. The Court again denies plaintiffs' eleventh−hour request to extend the deadline to complete oral discovery because plaintiffs have not shown good cause for their proposed extension. While the Court appreciates the "reminder" that one of plaintiffs' counsel has been ill, the Court expressly accounted for that fact in its order denying plaintiffs' first request to extend the oral discovery cutoff and explained why it did not supply good cause for the requested extension. [260]. Despite that ruling, moreover, plaintiffs' current request to extend the oral discovery deadline provides no further information about counsel's illness (such as when it occurred or a description of how severe or incapacitating the illness was), and the Court thus has no basis to conclude that counsel's illness might plausibly explain plaintiffs' extreme delay in identifying deponents and issuing notices for depositions. Nor is there any explanation for why plaintiffs' second attorney could not have managed oral discovery while co−counsel was ill. The Court reiterates that the oral discovery period is closed, subject to one narrow exception discussed immediately below, and the Court will not entertain any further requests from plaintiffs for more time to complete oral discovery or any other form of fact discovery. Because plaintiffs canceled the depositions of Sharron Burris and Brogwley Russell on short notice and then failed to produce these witnesses on the date agreed to by the parties to complete these depositions, the Court orders that plaintiffs' counsel produce Sharron Burris and Brogwley Russell for depositions by 05/07/2024. If these witnesses are not produced for depositions by that date or if they fail to appear for their depositions by

05/07/2024, the City may file an appropriate motion seeking to bar these witnesses' testimony. The Court adopts the parties' proposed schedule for expert discovery as follows: Plaintiffs to disclose their expert by 05/20/2024. Plaintiffs to produce their expert's report by 06/14/2024. Expert depositions to be completed by 07/31/2024. Finally, the City's motion for an extension of time to file the instant status report [261] is denied as moot. A further joint status report is due on 06/10/2024 to update the Court on: (a) the progress of expert discovery; (b) the status of settlement discussions, if any; and (c) any other issues the parties wish to raise with the Court. The parties may contact chambers at any time (by email to Chambers_McShain@ilnd.uscourts.gov) if they would like the Court's assistance with settlement. Mailed notice. (pk, )

**ATTENTION:** This notice is being sent pursuant to Rule 77(d) of the Federal Rules of Civil Procedure or Rule 49(c) of the Federal Rules of Criminal Procedure. It was generated by CM/ECF, the automated docketing system used to maintain the civil and criminal dockets of this District. If a minute order or other document is enclosed, please refer to it for additional information.

For scheduled events, motion practices, recent opinions and other information, visit our web site at *www.ilnd.uscourts.gov*.